**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5540-16T1

MORRIS, DOWNING &
SHERRED, LLP,

     Plaintiff-Respondent,

v.

PAUL A.S. WIEBEL,

     Defendant-Appellant.

_____

Submitted November 13, 2018 – Decided December 6, 2018

Before Judges Haas, Sumners, and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Sussex County, Docket No. L-0313-16.

Peter A. Ouda, attorney for appellant.

Morris, Downing & Sherred, LLP, respondent pro se (Douglas C. Gray, on the brief).

PER CURIAM

    Defendant Paul A.S. Wiebel appeals from the Law Division's June 14,

2017 judgment in favor of plaintiff Morris Downing & Sherred, LLP.  We affirm

for the reasons stated by Judge Frank J. DeAngelis in his June 5, 2017 oral opinion.

On May 27, 2016, plaintiff filed a one-count complaint against defendant for breach of contract. The complaint alleged that in September 2012, defendant and David Johnson, a partner at Morris Downing & Sherred, made an oral accord and satisfaction agreement to settle over $100,000 in legal fees owed to defendant for $50,000. The complaint alleged that Morris Downing & Sherred had represented defendant or entities owned by defendant in a variety of matters from approximately 1983 to 2012. Defendant filed an answer denying that an accord and satisfaction agreement existed. On August 25, 2016, the trial court granted plaintiff's motion to proceed summarily pursuant to Rule 4:67-1(b).

On May 8 and May 19, 2017, Judge DeAngelis conducted a bench trial, in which only Johnson and defendant testified. Johnson testified that in the fall of 2012, defendant called him and offered to settle all outstanding legal fees for a lump sum payment of $50,000. Johnson orally accepted on behalf of Morris Downing & Sherred. Defendant did not make any payment to the firm, and the firm continued to send monthly billing statements to defendant reflecting over $100,000 in outstanding legal fees. In March 2014, Johnson wrote a note on the monthly billing statement reminding defendant of the agreement to compromise

the amounts for $50,000. Approximately one week later, defendant sent a letter stating, in its entirety: "Our agreement was on funds from the Trump house. Go see for yourself. We have yet to finish." Johnson testified that he did a title search for the property understood to be the Trump house and found that defendant had no ownership interest in it.

Defendant testified that at some point in 2012, he did reach an oral agreement with Johnson to settle the outstanding legal fees, but for $12,000 not for $50,000. Defendant also testified that a promissory note release executed by Johnson in December 2009 was intended to release defendant from both loans made to defendant by Johnson and from any outstanding legal fees owed to the firm. The release, however, only refers to loans and attaches an accounting of only loans and not legal fees. Defendant testified that he was shocked when Johnson asked for payment of legal fees in 2012 because he believed he had been released from the legal fees.

Nonetheless, in an April 12, 2012 letter, defendant offered to settle the outstanding legal fees in exchange for defendant's interest in water and sewer taps in Silver Ridge valued at $165,320.00. On September 15, 2015, Morris Downing & Sherred sent defendant a notice pursuant to Rule 1:20A-6, indicating that defendant was in default of his obligation under the 2012 accord and

3

satisfaction agreement because he still had not made any payments and advising defendant of his fee arbitration rights. On September 24, 2015, defendant sent a letter to the firm denying the existence of any accord and satisfaction agreement and stating that if at all, he owed the firm $12,000 based on a forensic accounting of the billing records.

The trial court rendered an oral decision on June 5, 2017, finding that plaintiff demonstrated by a preponderance of credible evidence that the parties made an agreement to settle the legal fees for $50,000. The trial court made detailed findings about the credibility of each witness. In this regard, the trial judge found that Johnson testified credibly because he had a relaxed demeanor during both direct and cross-examination and because his testimony was consistent with documents submitted into evidence. In contrast, the trial judge found that defendant did not testify credibly with respect to the agreement because his testimony was evasive, inconsistent, and contradictory to documentary evidence. The trial court entered judgment in favor of plaintiff in the amount of $50,000 plus $1,950.92 in prejudgment interest.

On appeal, defendant contends the trial court erred as a matter of law in finding that a contract to settle legal fees existed between the parties. Having reviewed the record in light of the applicable legal principles, we affirm

substantially for the reasons expressed by Judge DeAngelis in his well-reasoned oral opinion. We add only the following comments.

Our review of a bench trial is limited. "Findings by the trial judge are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974) (citation omitted). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonable credible evidence as to offend the interests of justice." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quotation and citation omitted). We give particular deference to the trial judge's credibility determinations. See In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997). However, we review conclusions of law de novo. See Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

The central issue in this case is the factual dispute of whether the parties made an oral agreement to settle the outstanding legal fees for $50,000. See Lobiondo v. O'Callaghan, 357 N.J. Super. 488, 495 (App. Div. 2003) (deferring to trial judge's credibility finding with respect to oral representations). Giving deference to the trial judge's credibility determinations with respect to the

5

testimony of Johnson and defendant, we find that the trial court's conclusion that the parties made an enforceable oral agreement to settle the legal fees for $50,000 is supported by substantial credible evidence in the record.

To the extent we have not specifically addressed any other arguments raised by defendant, we find them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5540-16T1